IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHARLES GRADY, et al.,                )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )   Case No. 04-4056-CV-C-NKL
                                      )
THOMAS RUSSELL, et al.,               )
                                      )
            Defendants.               )
                                      )
                                      )

ORDER

Pending before the Court is Defendants' Joint Motion for Summary Judgment [Doc. # 66]. For the reasons set forth below, the Motion will be granted.

Plaintiffs Charles Grady ("Grady"), Timothy Whittle ("Whittle"), Claudio Ramirez ("Ramirez"), David Murdock ("Murdock"), and Brandon Roark ("Roark") are five former inmates of the Miller County Jail who allege various deprivations of their constitutional rights by Miller Country and its then-sheriff, Thomas Russell. As this Court noted in its Order of February 8, 2005 [Doc. # 33], only conduct alleged to have occurred on or after March 30, 1999, is still actionable under Missouri's five year statute of limitations. *See* Mo. Rev. Stat. § 516.120(4). Defendants have therefore moved for Summary Judgment on the grounds that all Plaintiffs' claims, except Roark's for medical neglect and Murdock's for assault by jailers, in 2000 are time-barred. In addition, Defendants seek summary

1

judgment as to the remaining claims on the grounds that no reasonable juror could find in favor of the Plaintiffs based on the evidence presented.

**Whittle and Ramirez**

Plaintiffs Whittle and Ramirez concede that all their claims are time-barred. Accordingly, the Court will grant summary judgment against them.

**Roark**

Roark alleges that he was beaten while in the Miller County Jail, and that his prescription anti-depressant medication was withheld. As the beatings allegedly occurred before March 30, 1999, Roark concedes that any claims arising from those events are time-barred. Summary Judgment will be granted as to those claims. However, Roark's claims related to the alleged withholding of his prescription anti-depressant medication occurred within the statute of limitations. The Court must, therefore, consider the merits of his claim.

Roark testified in deposition that he had been taking Serezone for nearly two months in the Miller County Jail when it was suddenly withheld for the duration of his stay. He further testified that an unidentified corrections officer told him that the medication was being withheld because "Tom Russell is refusing to give anybody their medication that has anything to do with narcotics." Roark Dep. 32:14-23. He says a jail nurse named Bill told him that medication like Serezone couldn't be stopped suddenly but had to be gradually lessened. *Id.* at 39:17-22. Finally, Roark testified that a few days after stopping his

medication, he began "tearing stuff up" in his cell and tried cutting his wrists. *Id.* at 32:9-13.

In order for an inmate to establish a § 1983 claim for medical neglect, he must show that "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). A "serious medical need" is one which is "either obvious to the layperson or supported by medical evidence, like a physician's diagnosis." *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995).

Other than the inadmissible hearsay statements by an unidentified corrections officer and a jail nurse identified only as "Bill," Roark has produced no evidence that Defendant Russell was responsible for withholding his drugs or that Russell was aware that Roark's drugs were being withheld and deliberately disregarded Roark's need for the drugs. Furthermore, Roark has offered no evidence, other than inadmissible hearsay statements, that the withholding of the drugs caused his self-injury. Given this record, no reasonable juror could find Russell or Miller County were deliberately indifferent to Roark's serious medical need. Summary judgment will be granted on Roark's claims.

**Murdock**

Murdock alleges assaults by jailers on two separate occasions, once in either late 1998 or early 1999 (but in any event before March 30, 1999), and once in 2000. The earlier assault is barred by Missouri's five year statute of limitations. Mo. Rev. Stat. § 516.120(4). The second assault claim, while not time-barred, lacks sufficient evidence

from which a reasonable juror could find either Defendant Miller County or Defendant Russell responsible. Murdock has offered no evidence that the guards acted under the direction of then-Sheriff Russell or that they acted pursuant to a Miller County policy or custom.

In his deposition, Murdock explained that he believed Defendant Russell was responsible because "it all involves the deal that he was the sheriff. He's responsible for his deputies, in my book." Murdock Dep. 29:8-13. He further admitted that he was unaware of any conversation between Russell and the jailers in which Russell authorized or otherwise directed the assault. *Id.* at 29:14-20, 30:15-21. When asked how he knew Russell was responsible, Murdock responded, "I just feel it in my heart. *Id.* at 31:16-17. Then he added, "Proof, I ain't got proof of nothing. I can't prove a thing as far as – I can't prove a point of where he initiated anything himself, because he doesn't want to get his hands dirty." *Id.* at 31:19-22.

There is no *respondeat superior* liability under section 1983. *Crawford v. Davis*, 109 F.3d 1281, 1284 (8th Cir. 1997). Nor can local governments be held responsible under § 1983 absent some unconstitutional policy or custom which caused the deprivation of rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). If Defendant Russell is liable under § 1983, then, it must be because he caused the deprivation of rights himself or directed others to do so. For Miller County to be held liable, there must have been an official policy or custom, adopted or enforced by then-Sheriff Russell, as the jail's policy maker, under which Murdock sustained his injuries.

4

Based on Murdock's own deposition testimony, however, no reasonable juror could find that Russell caused the assault himself or adopted an official policy or custom that caused Murdock's injuries. Summary Judgment in favor of both Russell and Miller Country is, therefore, appropriate.

**Grady**

Although he filed the present suit on March 30, 2004, more than five years after the 1998 assault alleged in his Complaint, Grady argues that his claim is saved by Missouri's one-year savings statute. That statute provides that "[i]f any action shall have been commenced within the [applicable statute of limitations], and the plaintiff therein suffer a nonsuit, . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . . ." Mo. Rev. Stat. § 516.230. Grady previously filed suit against Defendants Russell and Miller County in the United States District Court for the Western District of Missouri, Case No. 03-4076-CV-C-NKL, on April 18, 2003. That case was dismissed without prejudice on September 25, 2003, after Grady failed to obtain service on the Defendants and failed to respond to the Court's Show Cause Order. Grady's present suit was filed on March 30, 2004, within one year of the September 2003 dismissal.

Defendants argue that Grady waived his right to rely on the savings statute by failing to raise its applicability until now. They point out that, in his Suggestions in Opposition [Doc. # 32] to Defendants' Motion to Dismiss, Grady conceded that "any act alleged by plaintiffs must have occurred after March 30, 1999 in order to remain actionable." *Id.* at ¶

5

7. The only precedent for Defendants' waiver argument is a footnote in an Order by another U.S. District Court sitting in another state, in which the plaintiff didn't contest the defendant's waiver argument. The Court is not persuaded that Grady waived his right to rely on Missouri's savings statute. His claim is, therefore, within the statute of limitations. Nevertheless, the Court concludes that summary judgment in favor of the Defendants is still appropriate because Grady has not produced any evidence that either of the Defendants is responsible for his alleged injuries.

Grady's allegations involve assault by fellow inmates and not by any employees of the Miller County Jail. In his deposition, Grady testified that he could not prove Sheriff Miller caused the inmates to assault him; nor is there any evidence that would suggest a policy or custom of allowing inmates to assault one another. There is likewise no evidence that Russell was aware of the assault and failed to protect Grady. There is simply no evidence from which a reasonable juror could find that either Russell or Miller County caused the alleged assault on Grady. Thus, summary judgment in Defendants' favor is appropriate.

Accordingly it is hereby

ORDERED that Defendants Joint Motion for Summary Judgment [Doc. # 66] is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 13, 2006
Jefferson City, Missouri